UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-60853

ROILANDIS ARIAS and
ALEXANDER PETRILLO,
For Themselves and
Others Similarly Situated.

    Plaintiffs,

vs.

SELECTIVE HEALTHCARE, LLC,
GRAEME BAGG, and
LANCE SCHNITTMAN,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Roilandis Arias and Alexander Petrillo, on behalf of themselves and others similarly situated, sue Defendants, Selective Healthcare, LLC, Graeme Bagg, and Lance Schnittman, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Roilandis Arias**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit. [ECF No. 1-1.]

2. **Plaintiff, Alexander Petrillo**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit. [ECF No. 1-2.]

1

3. Plaintiffs are part of a much larger class of similarly situated current and former employees of Defendants who worked more than 40 hours in a workweek and who earned, but did not receive overtime wages as a result of Defendants' systematic failure to properly calculate and pay overtime wages to their commissioned health insurance agents.

4. **Defendant, Selective Healthcare, LLC**, is a for profit Florida limited liability company that is *sui juris* and has operated its insurance agency here, in Broward County, Florida, at all times material.

5. **Defendant, Graeme Bagg**, was and is an owner, operator, officer, director, and/or managing member of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiffs and the others similarly situated, and was partially or totally responsible for paying Plaintiffs' wages and the wages of others similarly situated.

6. **Defendant, Lance Schnittman**, was and is an owner, operator, officer, director, and/or managing member of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiffs and the others similarly situated, and was partially or totally responsible for paying Plaintiffs' wages and the wages of others similarly situated.

7. Defendants were Plaintiffs' direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

8. This Court has jurisdiction over Plaintiffs' FLSA claims.

9. Venue is proper in this Court pursuant because Defendants transact business in Broward County, they maintain their office and principal place of business in Broward County,

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

and also because Defendants employed Plaintiffs in Broward County, with most of the actions complained of occurring within this County.

### *Common Background Factual Allegations*

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

11. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, brokerage, and transacting of health insurance in interstate commerce.

12. Defendants marketed, promoted, brokered, and sold health insurance by on behalf of out-of-state insurers while using machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce prior to Defendants' use of same.

13. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

14. Defendants market their business on the internet at http://www.selectivehealthcare.com, a domain that they purchased from GoDaddy.com, LLC, a foreign corporation.

15. Defendants registered their website through Domains By Proxy, LLC, an Arizona corporation.

3

16. Defendants utilize their website to attract leads through requests for insurance quotes submitted through various pages on their website, including at http://www.selectivehealthcare.com/enroll-now/.

17. Defendants utilize computer software that was created outside of the State of Florida.

18. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

19. To the extent that records exist regarding the exact dates of Plaintiffs' employment exist, such records are in the exclusive custody of Defendants.

20. Plaintiffs' work for Defendants, and the work of others similarly situated, was actually in or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for Defendants in the course of selling health insurance products to persons located inside and outside of the State of Florida while regularly and routinely utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

21. Plaintiffs and others similarly situated would regularly and routinely receive obtain payment information from persons located inside and outside of the State of Florida in the form of credit cards and banking information that involve the transmission of information across state lines involving financial institutions located inside and outside of the State of Florida.

22. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiffs.

23. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## Collective Action Allegations

24. Plaintiffs bring this action on behalf of themselves and other similarly situated persons who work and who worked for Defendants in Florida as health insurance agents from the three years immediately preceding the filing of this Complaint and the date of the rendition of a final judgment in this action.

25. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA, deprived of the overtime pay they earned, and who would benefit from the issuance of notice of their rights, the present lawsuit, and their ability to join this lawsuit (without fear of retaliation for affected current employees of Defendants).

26. The class of similarly situated employees employed by Defendants who may become Plaintiffs in this action are current and former employees of Defendants who were paid through a draw against commission and who are and who were subject to the same payroll practices and procedures.

27. The class of similarly situated employees employed by Defendants are known to Defendants, readily identifiable from records maintained by Defendants, and necessarily will present legal and factual issues which are nearly the same, if not identical to Plaintiffs' issues.

28. Defendants paid Plaintiffs according to the same pay practice that it applied to its other employees who, like Plaintiffs, received a draw against commission – but who did not receive overtime.

29. Plaintiffs performed the same type of work under the same procedures, rules, and regulations, as a class of Defendants' other similarly situated employees who were paid a draw against a commission.

5

### *Liability Allegations*

30. Plaintiff, Roilandis Arias, worked for Defendants from June 2014 to August 5, 2016 performing inside sales of health insurance policies.

31. Plaintiff, Alexander Petrillo, worked for Defendants from February 2014 to May November 1, 2016 performing inside sales of health insurance policies.

32. Defendants' policy and practice was to classify pay Plaintiffs and their other similarly situated heath insurance agents as employees exempt from the overtime provisions of the FLSA.

33. Defendants paid Plaintiffs with a draw of $500 per week against a standardized commission structure. Each Plaintiff then had to earn at least $500 of commissions that week, based on the commission structure, and if they earned more, then they would be able to keep the entirety of their commissions earned over $500.

34. However, if Plaintiffs did not earn at least $500 that week, then the following week they each had to make earn the $500 draw plus whatever shortfall from the prior week (or have the previous week's shortfall deducted from any commissions earned above the $500).

35. Plaintiffs and the other similarly situated employees of Defendants sold insurance policies at pre-determined rates, but none had the ability to make any decisions on behalf of Defendants.

36. Defendants paid Plaintiffs and their other similarly situated commissioned health insurance agents in the same manner, with a draw against a commission, and required them to adhere to the same set of standardized policies and procedures.

37. The Code of Federal Regulations, at 29 C.F.R. §779.317, identifies certain occupations that do not qualify for the exemption found at 29 U.S.C. §207(i), including those

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

engaged in the business of "Insurance; mutual, stock and fraternal benefit, including insurance brokers, agents, and claims adjustment offices."

38. Defendants nonetheless failed and refused to pay Plaintiffs and the class of similarly situated commissioned health insurance agent employees at the rate of time and one-half of their regular rate(s) of pay (including non-discretionary commissions earned) for all hours worked over 40 hours in a workweek.

39. Upon information and belief, Defendants failed to pay overtime and failed to comply with the FLSA to minimize their labor costs and to maximize their profits.

40. Defendants maintained records or were required to maintain records of the times that Plaintiffs and the class of similarly situated commissioned health insurance agent employees started and stopped working each day.

41. Defendants willfully and intentionally refused to pay Plaintiffs wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period.

42. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the class of similarly situated commissioned health insurance agent employees.

43. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff and the class of similarly situated employees the correct overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiffs and the class of similarly situated employees to believe that Defendants were not required to pay an overtime that included commission as part of their

7

calculations, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiffs and the class of similarly situated employees the overtime pay earned.

44. Plaintiffs and the class of similarly situated employees are entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiffs, Roilandis Arias and Alexander Petrillo, on behalf of themselves and all others similarly situated, demands the entry of a judgment in their favor and against Defendants, Selective Healthcare, LLC, Graeme Bagg, and Lance Schnittman, jointly and severally, after trial by jury and as follows:

a. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings at the earliest opportunity so that Plaintiffs can send notice to all similarly situated commission-only employees of Defendants who sold health insurance during the past three years;

b. That the named Plaintiffs and all class members who opt in recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

c. That Plaintiffs and the class recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make the Plaintiffs and all class members who opt in whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

8

e. That Plaintiffs and all class members recover a judgment for all interest allowed by law; and

   f. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues so triable.

Dated this <u>1st</u> day of May, 2017.

          Respectfully Submitted,

          FAIRLAW FIRM
          *Counsel for Plaintiffs*
          7300 N. Kendall Drive
          Suite 450
          Miami, FL 33156
          Tel:    305.230.4884
          Fax:   305.230.4844

          *s/Brian H. Pollock, Esq.*
          Brian H. Pollock, Esq.
          Fla. Bar No. 174742
          brian@fairlawattorney.com

9

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com