UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-60853-MOORE/TURNOFF

ROILANDIS ARIAS AND ALEXANDER
PETRILLO, For Themselves and Others
Similarly Situated,

    Plaintiffs

v.

SELECTIVE HEALTHCARE, LLC,
GRAEME BAGG, and LANCE
SCHNITTMAN,

    Defendants.
_____/

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL OF CASE WITH PREJUDICE

Plaintiffs, Roilandis Arias and Alexander Petrillo ("Plaintiffs"), and Defendants, Selective Healthcare, LLC, Graeme Bagg, and Lance Schnittman ("Defendants"), by and through their undersigned counsel, hereby move for approval of the parties' Settlement Agreements and dismissal of Plaintiffs' claims with prejudice, stating as follows:

1. On February 27, 2017, Defendant, Selective Healthcare, LLC, filed a lawsuit against Roilandis Arias, Alexander Petrillo, Henry Valdiveso, Christian Quintana, Carl Johnson, Steven Locc, John Arboleda, and Robert Levine in the 17th Judicial Circuit in and for Broward County, Florida, Case Number CACE 17-004099 (12) for breach of their employment agreements and tortious interference with contractual relationships, for which Selective Healthcare, LLC sought damages and both temporary and injunctive relief against each of them.

2. On May 1, 2017, Plaintiffs filed the above-captioned case alleging violation of the overtime provisions of the Fair Labor Standards Act ("FLSA") on behalf of themselves and others

Case No.: 17-cv-60853

allegedly similarly situated. Specifically, Plaintiffs alleged that Defendants failed to pay them overtime compensation for all hours worked in excess of 40 hours in one or more workweeks.

3. The following individuals filed consents to join the proposed collective action: Henry Valdiveso, Christian Quintana, Carl Johnson, Steven Locc, John Arboleda, Robert Levine and Jennifer Brandt.

4. Defendants denied Plaintiffs'/Opt-in Plaintiffs' allegations in their entirety and asserted that Plaintiffs/Opt-in Plaintiffs were exempt from the overtime provisions of the FLSA, Plaintiffs/Opt-in Plaintiffs were properly compensated for all hours worked during their employment, and no overtime wages are due or owing.

5. Thus, a bona fide dispute existed between the parties, as the Plaintiffs/Opt-in Plaintiffs claimed an entitlement to unpaid overtime wages, and Defendants maintained that the Plaintiffs/Opt-in Plaintiffs were exempt from the overtime provisions of the FLSA, did not work the overtime hours claimed, and were not entitled to overtime compensation pursuant to the FLSA.

6. The parties engaged in settlement negotiations which have resulted in agreements, copies of which are attached hereto ("Agreements").

7. Under the Agreements, Opt-in Plaintiff Jennifer Brandt will be paid three thousand dollars and 00/100 ($3,000.00) in consideration of her dismissal of her overtime claim, and in consideration of dismissal of Plaintiffs' and the remaining Opt-in Plaintiffs' overtime claims, Selective Healthcare, LLC will dismiss with prejudice (1) the lawsuit it filed against them on February 27, 2017 for breach of employment agreement and injunctive relief, presently pending in the 17th Judicial Circuit in and for Broward County, Florida, Case Number CACE 17-004099 (12) and (2) the lawsuit it filed against them in this Court bearing Case No.: 17-CIV-61108-

Case No.: 17-cv-60853

MARTINEZ. Counsel for Plaintiffs/Opt-in Plaintiffs will not be receiving any attorney's fees or costs in connection with this case.

8. Given the uncertainties of litigation, the chance that Plaintiffs and Opt-in Plaintiffs may have recovered nothing if Defendants succeeded in their defenses that Plaintiffs were exempt from the overtime provisions of the FLSA, did not work the overtime hours claimed, and were not entitled to overtime compensation, and the chance that Plaintiffs and Opt-in Plaintiffs could have recovered unpaid wages, liquidated damages, and attorney's fees if they succeeded in their claims, Plaintiffs, Opt-in Plaintiffs, and Defendants jointly submit that the settlements reached herein are fair and reasonable.

9. This settlement is further reasonable, considering that the named Plaintiffs and most of the Opt-In Plaintiffs in this case could have been precluded from working by way of the grant of injunctive relief and/or be subjected to significant damages if Selective Healthcare, LLC, were to prevail in its claims against them.

10. In accordance with the Eleventh Circuit precedent *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the parties request that the Court approve their Agreement.

11. In support of this Motion, the parties stipulate that: (a) the settlement of this matter is fair and reasonable; and (b) there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

## **MEMORANDUM OF LAW**

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the

Case No.: 17-cv-60853

FLSA. *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them … The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

In this case, the Parties, who were represented by competent counsel, jointly submit there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs/Opt-in Plaintiffs and Defendants to evaluate the Parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiffs'/Opt-in Plaintiffs' claims as set forth in their Agreements. After exchanging information and records from Plaintiffs'/Opt-in Plaintiffs' employment, the Parties engaged in settlement negotiations. In order to avoid the uncertainties of and costs of discovery, motions, and trial, a compromise has been agreed upon with Plaintiffs/Opt-in Plaintiffs receiving reasonable recovery or value in comparison to their alleged overtime as set forth in their Statement of Claim. In this regard, Plaintiffs/Opt-in

Case No.: 17-cv-60853

Plaintiffs alleged that their overtime wages over the course of the statute of limitations ranged from approximately $1,500.00 to $4,000.00 each. Plaintiffs/Opt-in Plaintiffs also claimed an equal amount in liquidated damages. Selective Healthcare LLC alleged in connection with its state court case against Plaintiffs/Opt-in Plaintiffs[1] that their damages totaled in excess of $15,000.00 from each of said individuals. The Parties have been advised that if they proceed in this matter, Plaintiffs/Opt-in Plaintiffs may be successful in proving all of the wage and liquidated damages to which they claim entitlement, or Defendants may be successful in proving their defenses and a jury may award Plaintiffs/Opt-in Plaintiffs nothing, and that if they proceed in the state court matter, Defendant may be successful in proving the damages to which it claims entitlement, or Plaintiffs/Opt-in Plaintiffs may be successful in proving their defenses and a jury may award Defendant nothing. In light of this uncertainty, as well as the possibility of protracted litigation in both cases, the Parties have agreed that the sum and values Plaintiffs/Opt-in Plaintiffs are receiving in this settlement constitutes a reasonable and informed compromise of their claims. The parties agree that the settlement agreements reached were the subject of arms-length and adversarial negotiations. The Parties also agree that the settlements reached promote judicial economy and should be approved by this Court.

     WHEREFORE, the Parties respectfully request that the Court (1) approve the Parties' Settlement Agreements, resolving the matter on the terms set forth therein; and (2) dismiss this

---

[1] Jennifer Brandt is not a party to the state court case.

Case No.: 17-cv-60853

case with prejudice, with each party to bear his/her/its own fees and costs, but retain jurisdiction for the limited purpose of enforcing the Parties' Settlement Agreements.

DATED:  November 30, 2017

Respectfully submitted,

| **/s/ Brian H. Pollock** | **/s/ Nicole Wall** |
|---|---|
| Brian H. Pollock, Esq. | Nicole Wall, Esquire |
| Florida Bar No.: 174742 | Florida Bar No.: 017430 |
| Fairlaw Firm | Cole, Scott & Kissane, P.A. |
| 7300 N Kendall Drive | Esperante Building |
| Suite 450 | 222 Lakeview Avenue, Suite 120 |
| Miami, FL  33156 | West Palm Beach, FL 33410 |
| Telephone: 305-230-4884 | Telephone: 561-383-9200 |
| Facsimile:  305-230-4844 | Facsimile:   561-683-8977 |
| Email:  brian@fairlawattorney.com | Email:  Nicole.wall@csklegal.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 30, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of notices of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of filing.

/s/ Nicole Wall
NICOLE WALL
Florida Bar No.: 17430
Email: Nicole.Wall@csklegal.com

**SERVICE LIST**
Brian H. Pollock, Esq.
FairLaw Firm
7300 N Kendall Drive
Suite 450
Miami, FL  33156
brian@fairlawattorney.com
*Via CM/ECF*